No. 28,835.

GEORGE W. HERRMAN, *Appellant* and *Cross Appellee,* v. J. J. BENJAMIN, *Appellee* and *Cross Appellant.*

(280 Pac. 753.)

Opinion filed October 5, 1929.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris* and *George B. Powers,* all of Wichita, for the appellant.

*Benjamin F. Hegler, A. V. Roberts* and *Roger P. Almond,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to recover damages for alleged breaches of contract. The North End State Bank of Wichita determined to liquidate, and entered into a contract which provided that a neighboring bank then acting under the name of the Stockyards State Bank, now called and will be designated as the Industrial State Bank, should take over its institution, including all of its assets, to the building occupied by the Industrial State Bank, through which the liquidation was to be accomplished. The latter was to act only as a liquidating agency and depository for the North End State Bank, and from the proceeds of the assets pay the depositors of that bank. To secure the Industrial State Bank

in paying depositors it was stipulated that all of the notes, contracts, drafts, bills and other such assets of the North End State Bank should be placed in and pledged to the Industrial State Bank, which was required to pay the depositors of the other bank from the collections made of the notes, bills and other assets so transferred. There was a stipulation that upon receipt of the assets of the North End State Bank the Industrial State Bank would, besides paying depositors, pay "all float drafts and rediscounts, cashier's checks, certified checks, as shown by the books of the bank, in full upon the receipt by it of the assets of the North End State Bank," etc.

Another provision was that when the liabilities of the North End State Bank had been paid in full, all the remainder of the assets should be returned to the North End State Bank. There was an assignment of this contract and its benefits to the plaintiff, George W. Herrman. In January, 1925, J. J. Benjamin sold and delivered to G. W. Herrman seventy-four shares of the capital stock of the Industrial State Bank, to be free and clear of encumbrances, and also some other rights and interests, and in the transfer Benjamin gave the following guaranty:

"It is further agreed that party of the first part [J. J. Benjamin] guarantees all resources and liabilities of the Industrial State Bank to be just as shown on the books by totals at the close of business January 26, 1925. Further guarantees all signatures on all notes to be genuine. Also all accounts on individual and other ledgers to be correct, also guaranteeing all accounts with corresponding banks to be correct, and that there are no other liabilities of said bank further than those shown on the books of said bank at this date except current bills."

Herrman brought this action against Benjamin, alleging four breaches of the guaranty contract: First, the payment of a certificate of deposit for $235 by the Industrial State Bank, although it was not shown to be a liability upon the books of the bank nor a current bill; second, a certificate of deposit for $100 paid by the Industrial State Bank, which was not shown on the books nor can it be treated as a current bill; third, certain inactive and suspended accounts and deposits which were appropriated by the Industrial State Bank, without the knowledge or consent of the depositors, and that these were obligations not shown on the books nor were they current bills, and that the bank had paid the claims. In each of these transactions plaintiff alleged that he had suffered damages in a stated amount. The fourth cause of action, and the

only one upon which there is a contention at this time, was based on a claim that there was an outstanding obligation of the Industrial State Bank not shown on the books nor yet a current bill of the bank owing to the Citizens State Bank of Lane, and one, J. S. McMahon, the receiver thereof. That the Industrial State Bank was indebted to the Citizens State Bank of Lane in the sum of $6,500, and that the bank made a compromise settlement of that claim with the receiver, paying thereon $5,500, through which plaintiff was damaged to the amount of $2,035, for which judgment was asked. The court rendered judgment for plaintiff on the first and second causes of action. The third was dismissed by plaintiff and the court then adjudged that the plaintiff recover nothing on the fourth cause of action, and from the latter holding the plaintiff appeals.

The right of recovery on the fourth count of the petition is to be measured by the intent of the parties as expressed in the agreement made when the shares of stock in the bank were sold. While it is conceded that the Industrial State Bank paid $5,500 to the receiver of the Citizens State Bank of Lane, it is an admitted fact that this obligation was not shown on the books of the Industrial State Bank, nor was it shown upon the books of the North End State Bank. Under the agreement the defendant guaranteed that all resources and liabilities of the Industrial State Bank were just as shown by the books of that bank at the close of business on January 26, 1925, and that there were no other liabilities than were shown by the books. It is argued that, considering the contract in connection with the liquidating agreement and other circumstances, an intent is shown that all of the obligations of the North End State Bank were to be paid. It is said that in several parts of the liquidating agreement statements occurred that payment in full should be made to depositors and full and final payment of certain liabilities should be made, but as between the parties to this action the defendant limited his liability to obligations shown by the books, and the one in question was not so shown and the bank had no knowledge even of the claim of the Lane bank when the guaranty contract was made.

Several months later the Citizens State Bank of Lane obtained a judgment against the North End State Bank, which was subsequently affirmed in this court (*Bank v. Bank,* 116 Kan. 303, 226 Pac. 998), but this obligation was not included in terms, nor do we think in intent, in the guaranty that was given. It may be said

that there was no consolidation of the Industrial State Bank with the North End State Bank, nor was there a purchase of the latter. The former acted as a sort of disbursing agent, taking over the drafts, bills, notes and other assets, and from the proceeds thereof it was to pay the depositors of the North End State Bank and its current bills. Whether its payment of the claim of the Citizens State Bank of Lane was a voluntary gift by the Industrial State Bank or that it felt itself bound to make payment because the bank commissioner required it is not material so far as defendant's liability is concerned. It was a kind of liability excluded by the guaranty contract. It tends to show that the defendant did not guarantee that the Industrial State Bank would pay all the creditors of the North End State Bank, but only such as were shown on the books of the bank. It was a contract which the parties were competent to make, and it is too specific to be modified or weakened by inferences drawn from other circumstances. The judgment of the Citizens State Bank of Lane does not fall within the limitation of the guaranty and hence the judgment denying a recovery of damages on that ground must be affirmed. It is so ordered.